(31 Misc. Rep. 361.)

### NORTHERN ASSUR. CO. v. GOELET et al.

(Supreme Court, Trial Term, New York County.   April, 1900.)

1. INSURANCE—AGENCY—LIABILITY FOR PREMIUM.
    Where a lessee, who has undertaken to keep the leased premises insured, procures, through brokers, the issue of a policy of insurance thereon, in the name of the lessor, and the same is delivered by the brokers to the lessor, who retains it, no liability arises on the part of the lessor for the payment of the premium. ·

2. SAME—RATIFICATION.
    Where a broker, at the request of a lessee under obligation to insure, procures a policy of insurance upon the leased premises in the name of the lessor, and delivers same, to the latter, upon whom no demand is made for the payment of the premium, the lessor's retention of the policy does not amount to such a ratification of the act of the broker as will render him liable for the payment of the premium.

Action by the Northern Assurance Company against Harriette W. Goelet and George G. De Witt, executors, etc., to recover the premium due upon a policy of insurance.   Judgment for defendants.

Purdy & Squire, for plaintiff.
De Witt, Lockman & De Witt, for defendants.

SCOTT, J.   This case was submitted to the court without a jury upon an agreed statement of facts.   The defendants' testator and another leased to one Frank B. Murtha, by a written lease, certain real estate in the city of New York.   In and by the lease the lessee covenanted and agreed that he would keep the premises insured for the benefit of the lessors during the term of the lease for $80,000, and would pay all premium charges for said insurance, and deliver policies for said amount to the said lessors, and, in case the premiums should remain unpaid when due, the lessor might pay the same, and the amount so paid should be added to, and become a part of, the rent falling due on the next rent day.   A firm of insurance brokers, at the instance and request of the tenant Murtha, applied to the plaintiff for a policy of insurance upon the demised premises in favor of the lessors.   A policy was thereupon issued in the standard form, whereby the plaintiff insured the lessors Robert and Ogden Goelet against loss by fire for the term of one year.   The insurance policy when issued was sent to the insurance brokers employed by said Murtha, and by them delivered to said lessors, who received and retained the policy until its cancellation, some five months later.   A bill for the premium upon said policy was sent to the insurance brokers at whose instance it was issued, but no bill was sent to the lessors, or demand made upon them for the premium, until shortly before the cancellation of the policy.   The insurance brokers were not the agents of the plaintiff, nor were they authorized or instructed by the lessors to apply for such insurance, their only employment in that regard being by the tenant Murtha.   The plaintiff knew nothing of Murtha's covenant to keep the premises insured for the benefit of the lessors.   About the time of the cancellation of the policy the tenant became financially embarrassed and insolvent.   The plaintiff now seeks to recover the earned premiums for the period during

which the policy remained in force. The tenant Murtha being in possession of the property under a lease, and resting under an obligation, as one of the conditions of his lease, to keep the property insured for the benefit of the lessors, could undoubtedly lawfully insure the same for the benefit of the lessors. Such a contract, however, would be a contract between Murtha, the tenant who effected it, and the insurance company, and the implied agreement to pay the premiums would be the agreement of Murtha, and not that of the lessors. The brokers through whom the contract of insurance was entered into were Murtha's agents, and not the agents of the lessors, and the contract was, in effect, a contract between Murtha and the plaintiff that the latter would insure the lessors against loss by fire. The reciprocal implied agreement to pay the premium was Murtha's agreement. The fact that the lessors' names appear on the face of the policy does not, in view of the admitted facts, imply an agreement on their part to pay the premium, but merely serves to show whose interest was insured. It may be that the plaintiff had never heard of Murtha, and did not know that the insurance brokers were acting as his agents, but supposed that they were acting as agents of the lessors. But if this be true it is only so because the plaintiff omitted to inquire of the brokers, and thus ascertain who their principal really was. The company dealt with persons obviously acting, not for themselves, but for some principal. That principal, as it happens, was not the lessors, but the tenant. If the company, without inquiry, chose to assume that the lessee was the principal, however natural that assumption may have been, the lessors, who had no part in misleading them, cannot be made to suffer. Nor can the defendants be held upon any theory that their testator accepted and retained the policy, and thus ratified his apparent liability to pay the premium. It is essential to the validity of an act which is claimed to have been authorized by a subsequent ratification that the person sought to be charged should have full knowledge of the circumstances attending the performance of the act sought to be thus validated. If the insurance brokers had assumed to act as agents of the lessors, and they had known that fact, then undoubtedly their acceptance and retention of the policy would have been a ratification of the brokers' acts, and would have raised an implication of a promise to pay the premium. But it does not appear that the brokers did assume to act as the lessors' agents, nor that the lessors had any notice or knowledge that they had so assumed. Murtha had agreed to insure the property for their benefit. They received from insurance brokers employed by him a policy of insurance. They received no bill or demand for the premium. Surely, they were justified in believing, as they no doubt did believe, that Murtha, in compliance with covenant, had effected the insurance, and had paid or arranged for the payment of the premium. Under such circumstances the retention of the policy until a demand was made upon them for the premium cannot be construed into a promise to pay the premium upon a policy for which they had never applied, and the consideration for which they had never agreed to pay. Whether the company actually knew it at the time or not, the per-

son it dealt with was Murtha.  It was with him that it contracted to insure the lessors, and it was he that impliedly agreed, through his agents, to pay the premium.  The defendants are entitled to a judgment dismissing the complaint upon the merits.

Complaint dismissed.