(63 Misc. Rep. 229.)

MUDDLE et al. v. VAN SLYKE.

(Supreme Court, Trial Term, Fulton County. April, 1909.)

MORTGAGES (§ 201*)—INSURANCE—PREMIUMS—LIABILITY OF MORTGAGEE.

A "standard mortgagee clause," providing that on default by mortgagor in the payment of a premium the mortgagee shall pay the same, affixed to a fire policy, does not bind the mortgagee in a mortgage wherein the mortgagor covenants to keep the property insured to pay the premium on default by mortgagor, unless he has knowledge of its presence, or knowingly accepts benefits therefrom.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 533; Dec. Dig. § 201.*]

Action by Charles W. Muddle and another against Thomas W. Van Slyke. Judgment for defendant.

Horton D. Wright, for plaintiffs.

Smith & Moyer, for defendant.

SPENCER, J. One Lebenheim was the owner of a mill property upon which the defendant held a mortgage as security for $8,000. The mortgage contained the usual clause, providing that the mortgagor obtain insurance upon the property, and, in case of loss or dam-

age, the same be payable to the mortgagee as his interest might appear. In case of default by the mortgagor, the mortgagee had the right to take out insurance himself and add the premiums to the principal of the mortgage. The mortgagor, Lebenheim, thereupon obtained from various fire insurance agents, including the plaintiffs, policies of insurance on the property, aggregating $17,000. The premiums were charged by the insurance companies against the respective agents and were in effect paid by the settlement of their respective accounts. Each agent took and received from the mortgagor, Lebenheim, his promissory note for the premiums on the policies issued through each; the said notes extending the time for payment of the premiums. After the policies had expired, and Lebenheim had made default in payment of the notes, the agents applied to the respective insurance companies and received from them, respectively, an assignment of accounts against Lebenheim and Van Slyke. Subsequently the plaintiffs took an assignment from each of the other agents, and now bring this action against the defendant, the mortgagee, to recover from him said premiums, amounting to $482.20.

The plaintiffs rest their right of action upon a clause affixed to each policy, known as the "standard mortgagee clause," which reads as follows:

"Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."

As defense to the cause of action so alleged, the defendant raises a number of objections, among which are the following: First, that the defendant was not a party to the contracts of insurance and is not bound by the clause above stated. Second that, when the agents paid the premiums to the insurance companies, all rights of such companies expired, and there was nothing to pass under the assignments. Third that, if the clause is binding upon the defendant, he stands as guarantor, and the taking of notes, extending the time of payment, relieved him from all liability.

The "standard mortgagee clause," of which the provision above quoted forms a part, constitutes no part of the standard policy, as prescribed by the state. That act (Laws 1886, p. 720, c. 488) provides for a uniform policy of insurance, but does not include the provisions found in the aforesaid standard mortgagee clause. It does not, in the instances in question, form any integral part of the policies, but is printed upon a separate piece of paper and affixed to the policy. I speak of this for the reason that this method of employing the clause indicates that it does not belong to policies in general, but only in special instances and under peculiar circumstances. The mere knowledge that a policy has been issued does not carry with it notice that this special provision has been attached to the same.

It appears without dispute that the defendant never saw or had possession of any of the policies, and had no knowledge that the policies contained any provision that he was to pay the premiums, if not paid by the mortgagor or owner. It must be true that, in order to bind a mortgagee to pay such premiums, the clause to that effect must be brought home to him, and his agreement to pay accomplished, either

by express agreement or by implication.    Northern Assurance Co. v. Goelet, 31 Misc. Rep. 361, 65 N. Y. Supp. 403, affirmed 69 App. Div. 108, 74 N. Y. Supp. 553.   The mere fact that a person is the owner of a mortgage wherein the mortgagor covenants to keep the property insured does not bind the mortgagee to pay the premium for such insurance when obtained by the mortgagor.   The insertion of such a provision in the policy, or in a clause affixed to the policy, as in this case, by the insurance company, is not binding upon the mortgagee, unless he has knowledge of its presence, or has knowingly accepted benefits therefrom.   Without this, it lacks the essential element of every contract that the minds of the parties shall meet and come together.

As I have come to the conclusion that there is no liability upon the defendant to pay the premiums, there is no occasion to discuss the other questions raised and argued by the parties.

It follows that the plaintiffs have failed to make out a cause of action against the defendant, and judgment must be taken for the defendant against the plaintiffs on the merits, with costs.   Let findings of fact and conclusions of law be prepared and submitted for signature.

Judgment accordingly.