### FULTON v. METROPOLITAN LIFE INS. CO.

(City Court of New York, General Term.   December 22, 1892.

1. INSURANCE—VOID POLICY—RECOVERY OF PREMIUMS PAID.
    A life insurance agent solicited plaintiff to insure her father's life for her benefit, and she signed her father's name to the application on the agent's representation that she had authority so to do.   The agent certified that he had seen and examined the father, and recommended his acceptance.   Subsequently the company issued to plaintiff a policy on the father's life, which required all applications to be signed by the one proposed for insurance as a condition precedent to its validity.   *Held*, that the agent's knowledge as to the failure of the father to sign the application was the knowledge of the company, and that, as the policies were void ab initio, and known by the company to be so, plaintiff was entitled to recover back the money paid by her for premiums.

2. SAME—FORM OF ACTION.
    The proper form of action to recover back premiums paid under a void policy of insurance is an action for money had and received by the company for the use of the person making the payments.

Appeal from trial term.

Action by Elmira Fulton against the Metropolitan Life Insurance Company for money had and received to plaintiff's use.   There was a judgment in plaintiff's favor on the verdict of a jury, and defendant appeals.   Affirmed.

For other litigation between the same parties, see 19 N. Y. Supp. 660; 20 N. Y. Supp. 989.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Arnoux, Ritch & Woodford, for appellant.
Albert I. Sire, for respondent.

FITZSIMONS, J.   The defendant is a life insurance company.   It employs agents, who canvass for insurances for it.   The one whose life is proposed for insurance must sign the application for insurance; otherwise the company is not liable upon the policy issued in response to such application.   The agent of the defendant is required to personally see and examine the proposed insured, and satisfy himself of his identity.   About March, 1888, the plaintiff, desiring to have the life of her father, Jacob C. Stoner, insured for her own benefit, made application for such insurance to defendant, through one Walsh, who was its agent, and who called at plaintiff's residence for the purpose of obtaining insurers in defendant's company.   Her father at that time resided in Ohio.   She signed his name to the application blank, in the presence of defendant's said agent, who then signed his name to it, certifying that he had seen and examined Jacob C. Stoner, and recommended that he be accepted by defendant.   Subsequently two policies were issued by defendant.   The premiums on such policies were payable weekly,—60 cents each week.   This sum was collected in that way by defendant's collector until plaintiff had paid $106.60.   She then called upon defendant's secretary, Mr. Gaston, who refused to admit that said policies were valid against defendant; but, according to plaintiff's story, he said that they were void.   Plaintiff then demanded the sum of money paid by her to defendant, which was refused.   Thus this action was commenced for the recovery of the same.   The complaint is for money had and received by defendant for plaintiff.   Judgment was ordered for plaintiff.

The agent of the defendant (Walsh) had authority to receive application for insurance.   That, apparently, was the purpose of his employment by defendant.   He called everywhere and anywhere where he supposed that the object of his employment would be gratified.   The insured was required to sign in his presence, and he was privileged even to certify to the fitnesss of the insured.   All knowledge and information communicated to him, and which was within the province of his authority, was communicated to defendant itself.   Therefore the defendant knew at that time,—for, as above shown, its authorized agent knew—that Jacob C. Stoner never signed the application for insurance, but that the same was signed by plaintiff, and that the policies of insurance issued in pursuance and as a sequence of such application were void as against defendant, unless the signature of insured was waived, which was not done.   Walsh, while acting within the scope of his authority, knew that Stoner did not sign the application, but that the same was signed by plaintiff, she signing her father's name, and therefore defendant is deemed to have known that fact also, although never communicated to it.   Cox v. Pearce, 112 N. Y. 640, 20 N. E. Rep. 566.   The policies being void ab initio as against defendant, and known to be so by it, it suffered no risk.   It should not have received, but should have refused, the money paid by plaintiff, and it would be wrong and unjust to permit it to retain the same.   Although the statement made by Walsh to plaintiff that she had the right to sign her father's name to the application was unauthorized, and not binding upon defendant, yet such statement was certainly relied upon by her.

She paid defendant the money received by it, relying upon such representation, and it would not be just or equitable to permit it to profit by its agent's wrongdoing.

The form of this action is proper. The case falls within the familiar doctrine that money in the hands of one person equitably due another may be recovered in such an action. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable jurisdiction. Where one person has money in his possession which he cannot conscientiously retain from another, the latter may recover in this form of action. Roberts v. Ely, 113 N. Y. 131, 20 N. E. Rep. 606. The defendant, by claiming right and title to plaintiff's money, while refusing to her the benefit flowing from the policies issued to her, because of the irregularity mentioned, is doing an unconscionable thing, which should not receive the sanction of a court of justice. I do not think that it is the policy or purpose of the law to aid in the consummation of such wrong. The trial justice, upon the testimony submitted, would have been justified in directing a verdict for the plaintiff upon his own motion.

Finding no error, the judgment is affirmed, with costs.

EHRLICH, C. J., concurs in result.

NEWBURGER, J. I concur in the result. See opinion of Judge Bischoff in Fulton v. Insurance Co., (Com. Pl. N. Y.) 19 N. Y. Supp. 660.