WILLIAM J. McCANN *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Hampden.    September 25, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

In an action to recover money paid as premiums on a void policy of life insurance, it appeared that the plaintiff procured the insurance on the life of one S. without his knowledge for the benefit of the daughter of S., and was induced to take out the policy by the false representations of the defendant's agent that such insurance could be effected without the knowledge of S., whereas the rules of the defendant required such knowledge. *Held*, that the plaintiff could recover for money had and received. *Held, also*, that the fact that the plaintiff had no interest in the life insured did not make the policy a wagering contract, since the plaintiff could derive no benefit from the transaction.

In an action against a life insurance company to recover money paid as premiums on a void policy, the plaintiff produced a book containing the rules of the com-

pany, which he testified was handed to him with the policy by the defendant's agent, and the book was identified by the witness. Later in the trial the plaintiff offered in evidence the rules in the book, and this evidence was admitted against the defendant's objection. *Held*, that it was not open to the defendant to contend in support of an exception to the admission of this evidence, that it had not been shown that the alleged rules were authorized by the company, this objection not having been made at the trial.

CONTRACT, for money had and received, to recover $565 paid to the defendant for premiums upon a policy of insurance upon the life of Timothy Sullivan, less $10 received as a dividend. Writ dated January 2, 1899. At the trial in the Superior Court, before *Maynard*, J., it appeared that, through one Manning, an agent of the defendant, the plaintiff procured a policy of insurance for $500 upon the life of Timothy Sullivan, for the benefit of Mary Sullivan, daughter of said Timothy, the plaintiff agreeing to pay the premiums. Mary Sullivan was a cousin of the plaintiff's wife, and the plaintiff testified that his only reason for procuring the insurance was to benefit his wife's cousin. The plaintiff was informed by Manning that the insurance could be effected without the knowledge of Timothy Sullivan. The policy was issued to the plaintiff without the knowledge of either Timothy or Mary Sullivan. The plaintiff kept it for some time and then delivered it to Mary Sullivan. Timothy Sullivan did not learn of its existence until a few days before the trial.

The rules of the company required that the person whose life was insured should fully understand and consent to the insurance, should be examined by a physician of the company if the amount was more than $200, or by an agent if less, and should personally sign the answers to the examination form on the back of the application, and provided, that any policy obtained in violation of these rules should be void.

The plaintiff paid premiums on the policy amounting to $565, and then, discovering that the policy was void because issued without the knowledge of the insured, ceased to pay premiums, and the period within which a valid policy would have lapsed for non-payment of premiums expired.

The plaintiff testified that when Manning handed the policy to the plaintiff he gave him with it a book, in which were printed the rules of the company, including those above stated. The

book was produced and identified by the plaintiff.  Afterwards, in his redirect examination the plaintiff testified that he did not read the rules in the book at the time he received it, nor until he brought the case to his counsel.  The plaintiff's counsel then offered in evidence the rules in the book.  This evidence was objected to by the defendant.  It was admitted by the presiding judge; and the defendant excepted.

The judge, at the request of the defendant, ruled that the plaintiff could not maintain his action, and ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*J. L. Doherty & D. E. Leary*, for the plaintiff.

*J. B. Carroll & W. H. McClintock*, for the defendant.

LATHROP, J.  The defendant, in 1887, issued a policy of insurance in the sum of $500, upon the life of Timothy Sullivan, for the benefit of Mary Sullivan, the daughter of Timothy. The policy was delivered to the plaintiff, who kept it for some time and then delivered it to Mary Sullivan.  He paid the premiums on the policy to the amount of $565, when payments ceased and the policy lapsed.  This action is brought to recover that amount, less $10 received as a dividend.

The ground of the plaintiff's claim is that the policy was void and never attached, by reason of the failure to comply with certain rules of the company, which required that the person insured should have knowledge of the insurance, and should sign the application on the back thereof ; and by reason of the fact that the agent of the defendant who led him to procure the insurance falsely represented that the insurance would be valid without Timothy Sullivan's knowledge.

The plaintiff's evidence was in accordance with his claim, and the case was brought within *Fisher* v. *Metropolitan Ins. Co.* 160 Mass. 386, and 162 Mass. 236.  The plaintiff, therefore, would be entitled to recover unless he made a wagering contract or was a party to the fraud of the defendant's agent.  There is nothing in the case to show that the plaintiff derived any benefit either direct or indirect from the transaction, so that it could not be ruled as matter of law that the transaction was a wager, or was other than a gift for the benefit of Mary Sullivan.  The question whether there was fraud on the part of the plaintiff was one of fact, which should have been submitted to the jury, if the defendant raised the point.

The defendant contends that there is no evidence that the alleged rules of the company contained in a book were authorized by the company. The book in question was brought to the plaintiff, with the policy, by an agent of the company. No such objection was made at the trial to its admission; and we do not consider that it is open to the defendant now to contend that the book and the rules were not authorized.

The case differs from *Sullivan* v. *Metropolitan Ins. Co.* 174 Mass. 467, for the reason that in that case the plaintiff did not pay the premiums, and no representation was made to her; while in the case at bar the plaintiff procured the insurance and paid the premiums, induced thereto by the false representation of the defendant's agent.

*Exceptions sustained.*