FRANKLIN HOWARD, JR., PLAINTIFF AND APPELLEE, v. ROBERT J. MOORE, DEFENDANT AND APPELLANT.

Submitted December 3, 1909—Decided February 21, 1910.

1. A witness, while under examination, may refresh his memory by reference to a writing made by himself at the time of the transaction, concerning which he is questioned.
2. In a suit for moneys paid for the use of the defendant, where the defence is payment, the plaintiff's book of account showing credits of payments, is admissible in evidence.
3. Objections to evidence cannot be raised for the first time on appeal.
4. Where there is any legal evidence upon which a judgment of the District Court may rest, the Supreme Court will not review the decision upon questions of fact.

On appeal from the District Court of the city of Hoboken.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *Samuel A. Besson.*

For the appellee, *Edward Stover.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by Franklin Howard, Jr., against Robert J. Moore, in the District Court of the city of Hoboken, to recover the sum of $377.57 alleged to be due for wages and for moneys paid for the use of the defendant. The defence was payment.

The trial judge, sitting without a jury, rendered judgment for the plaintiff for $100. The defendant appeals.

The first reason assigned for reversal is that the trial judge admitted in evidence a book of account kept by the plaintiff.

We think there is no merit in the contention.

It does not clearly appear that the book was in fact admitted in evidence. It was offered for the purpose, among

others, of refreshing the recollection of the witness as to the payments of money made by the plaintiff for the use of the defendant. The trial judge properly ruled that it might be so used since it appeared the several entries were made at the time of the transactions. *More-Jonas Glass Co.* v. *West Jersey and Seashore Railroad Co.,* 47 *Vroom* 708.

But if the book be regarded as having been admitted in evidence such action was not necessarily erroneous. It contained credits given the defendant for payments on account and, under the circumstances of this case, was admissible as containing declarations against interest. With respect to the contention that it was inadmissible because containing charges for payments made for the use of the defendant, it is sufficient to say that no such objection was stated to the trial judge and it will not now be considered.

The only remaining reason urged for reversal requiring remark is that the "judgment allowed had no relation to the evidence and could not have been based thereon."

The argument seems to be that since the plaintiff's claim consisted chiefly of a demand on an express contract for wages at $12 per week for thirty-six weeks, that therefore a judgment for so small a sum as $100 was not justified by the evidence. But there was evidence from which the trial judge could and did find that the amount claimed had been reduced by payments to the sum awarded. Where there is any legal evidence upon which the judgment of the District Court may rest, this court will not review the decision upon questions of fact. *Aschenberg* v. *Mundy,* 47 *Vroom* 352.

The judgment of the court below will be affirmed.