EDWARD MAHONEY, PLAINTIFF AND APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT AND APPELLANT.

Submitted March 18, 1910—Decided June 13, 1910.

1. Plaintiff sued to recover premiums paid by him on policies of insurance on plaintiff's life, and paid under the mistaken belief that the policies insured the life of his wife. He did not discover the mistake until her death. He then repudiated the policies. The contracts of insurance were obtained without the knowledge or consent of the husband, and were void because the applications therefor had not been signed by the person whose life was insured, as therein provided. By the terms of the contracts they could not be altered or varied by the company's agent. *Held*, that evidence, offered by the company, that, upon the repudiation of the policies, the company's agent, "acting under instructions from the home office, advised the plaintiff that it regarded the contract as valid, and would pay it at the proper time, provided the payments were continued," was properly excluded.

2. Where the wife, without her husband's knowledge or consent, has procured a policy of insurance on his life for her benefit, which contract of insurance is void because the application there-

for was not signed by the person whose life was insured as therein provided, and the premiums are paid sometimes by the wife and sometimes by the husband, but always with his money and under an honest belief upon his part that the policy insured the life of the wife, the husband, upon discovering the mistake and repudiating the policies, may recover from the company the money paid.

3. To constitute a consideration for the payment of premiums on a life insurance policy, it is essential that the insurer incur a liability by a contract which is not affected by any infirmity which it may elect to interpose as a defence to an action on the policy if the life insured should end.

4. Where there is legal evidence upon which a judgment of the District Court may rest, the Supreme Court will not review the decision upon questions of fact.

On appeal from the District Court of the city of Orange.

Before Justices TRENCHARD and MINTURN.

For the appellant, *McCarter & English.*

For the appellee, *William A. Calhoun.*

The opinion of the court was delivered by

TRENCHARD, J. This appeal brings up for review a judgment rendered in favor of the plaintiff below by the judge of the District Court of the city of Orange, sitting without a jury.

The suit was brought to recover premiums paid under a mistake of fact by the plaintiff upon three policies of life insurance issued by the defendant company upon the plaintiff's life.

The trial judge found as a fact that the plaintiff paid the premiums under the mistaken belief that the policies had all been issued upon the life of his wife and that the plaintiff did not discover this mistake until after the death of his wife when he endeavored to collect the policies.

The defendant first contends that the trial judge erred in refusing to allow the defendant's witness, Applegate, to answer the following two questions: First. "Did you have any in-

structions from them as to advising Mr. Mahoney as to whether or not this company considered those policies valid?" Second. "Did you, acting under instructions from the home office, advise Mr. Mahoney that the company regarded that as a valid contract and would pay it at the proper time, provided the payments were continued?"

• We think the evidence was properly excluded for two reasons:

*First.* The rules and regulations of the company, which were offered in evidence, required the signature of the life insured to the applications for the policies, and provided that in default thereof the policies were void. The uncontradicted testimony of the plaintiff was that he had never affixed his signature to any of these applications and had no knowledge of them, and it was open to the trial judge to infer that the signature was affixed by the agent of the company. These rules are made a part of the contract of insurance by reference to them in the applications; the applications being made a part of the policies by the terms thereof.

The sixth paragraph in the three policies sued on provides that agents and superintendents are not authorized to make, alter or discharge contracts; and the rules of the company provide that the contract with the insured is fully set out in the policy, and its terms will not be varied from by the company, nor has any agent or superintendent power to vary the same by any act, word or agreement.

The witness, Applegate, was merely the company's local superintendent for Orange, and any statements made by him in regard to the validity of these policies would not have been binding on the company. *McClave* v. *Mutual Reserve Fund Life Association,* 26 *Vroom* 187; *Metropolitan Life Insurance Co.* v. *McGrath,* 23 *Id.* 358.

There was nothing in the questions objected to showing who, in the home office, had authorized the witness to state that the company considered the policies valid. The fact that the husband had not signed rendered the contract void, and the company could, under its rules, notwithstanding any statements made by Applegate, interpose it as a successful de-

fence to any action to recover upon the policies after Mahoney's death.

*Secondly.* It was immaterial whether the company considered the policies valid or void.

In the case of *Metropolitan Life Insurance Co.* v. *Felix,* 73 *Ohio St.* 46, the company, notwithstanding the policy was fraudulently obtained, treated the policy as valid and was ready and willing to carry out its terms and conditions. The Ohio Supreme Court said:

"The company's willingness to keep the contract alive while that consisted only in accepting premiums may be readily believed; but the choice of its attitude, if the life insured had ended, would have been determined by other considerations. In attempting to apply the admitted rule to the case, we should look to the stipulations whereby the company has provided for immunity from liability rather than to its ineffectual declarations respecting its intentions. The rule requires the presumption that it would have paid the amount of the policy only in performance of a binding obligation to do so." The court affirmed a judgment for the premiums paid.

In the case of *Metropolitan Life Insurance Co.* v. *Blesch,* 22 *Ky. L. Rep.* 530; 58 *S. W. Rep.* 436, the Kentucky Court of Appeals held that a policy of insurance issued to a daughter on the life of her father without his knowledge or consent, was void as against public policy. In that case it appeared that the constitution and by-laws of the company required that all policies of life insurance issued upon the lives of persons without prior knowledge and consent of such person and without a medical examination and a knowledge of the bodily health of the persons so insured being made and communicated to the company by its agents or employes, should be invalid, and that, notwithstanding this rule, the company by its answer admitted liability under the policies. The Court of Appeals sustained the lower court in allowing the daughter to recover in an action brought by her to be reimbursed for premiums paid.

See, also, *Fulton* v. *Metropolitan Life Insurance Co.*, 1 *Misc. (N. Y.)* 478; 21 *N. Y. Supp.* 470; *affirmed in* 4 *Misc.* 76; 23 *N. Y. Supp.* 598; *Delouche* v. *Metropolitan Life Insurance Co.*, 69 *N. H.* 587.

The exclusion of the evidence was therefore not erroneous. The plaintiff was entitled to repudiate the contract of insurance, if any existed. This he did. If it could be revived at all, it could only be by mutual consent. The plaintiff was not bound to accept an offer to consider the policies as valid, after having repudiated the contract, even if it had been made by officers of the defendant company having authority so to do, which is not the fact in the present case.

The defendant next complains of the failure of the trial judge to find for the defendant upon the ground that the plaintiff was not a party to the contract, and could not recover even though there was a mistake of fact.

We think there is no merit in the contention.

The evidence shows that the insurance was obtained by the wife without her husband's knowledge or consent; that the premiums were paid sometimes by him and sometimes by the wife, but always with his money, and the trial judge found as a fact that it was paid under a mistaken belief upon the part of the husband that the insurance was on the life of the wife.

The proper form of action to recover back premiums is an action at law for money had and received by the company for the use of the person making the payments. 25 *Cyc.* 762, citing *Fulton* v. *Metropolitan Life Insurance Co., supra; Abell* v. *Penn Mutual Insurance Co.*, 18 *W. Va.* 400; *Summers* v. *New York Mutual Life Insurance Co.*, 12 *Wyo.* 369; 66 *L. R. A.* 812; *McCann* v. *Metropolitan Life Insurance Co.*, 177 *Mass.* 280; *Fisher* v. *Metropolitan Life Insurance Co.*, 162 *Id.* 236.

The person who had paid the premiums is the proper plaintiff in an action to recover premiums paid. 25 *Cyc.* 763.

The Kentucky Court of Appeals has held that where the wife, without the husband's knowledge or consent, has procured a policy of insurance on his life for her benefit, and

used his money in paying the premiums, he may recover from the company the money thus paid. *Metropolitan Life Insurance Co.* v. *Monohan,* 102 *Ky.* 13; *Metropolitan Life Insurance Co.* v. *Trende,* 53 *S. W. Rep.* 412; 21 *Ky. L. Rep.* 909.

The same court has further held that where the wife, without the husband's knowledge or consent, procured insurance on his life, and paid therefor with moneys which he furnished her for household expenses, he was entitled to recover the money paid, though the company did not know that the money belonged to him and though the policy was void. *Metropolitan Life Insurance Co.* v. *Smith,* 59 *S. W. Rep.* 24; 22 *Ky. L. Rep.* 868; 53 *L. R. A.* 817.

The Supreme Court of Errors of Connecticut has held that a plaintiff, not a party to the original contract, either as beneficiary or insured, who was induced by mistake and false representation to pay premiums on a life insurance policy void at its inception, may recover them back, on repudiating the policy, though the insurer may, by its conduct, be estopped from denying the validity of the policy. *Hogben* v. *Metropolitan Life Insurance Co.,* 69 *Conn.* 503.

We think the cases cited, and the reasoning whereby they are supported, establish the rule to be that where the wife, without her husband's knowledge or consent, has procured a policy of insurance on his life for her benefit, which contract of insurance is void because the application therefor was not signed by the person whose life was insured as therein provided, and the premiums are paid sometimes by the wife and sometimes by the husband, but always with his money, and under an honest belief upon his part that the policy insured the life of the wife, the husband, upon discovering the mistake and repudiating the policy, may recover from the company the money paid. That is this case.

The next contention is that the trial judge should have found for the defendant because "no failure of consideration was proved by the plaintiff, inasmuch as it was not inequitable for the defendant to retain the moneys paid, as the company

had issued a valid and existing policy on the life of Edward Mahoney."

The difficulty with this contention is that there is no foundation in fact for the premise on which it rests.

We have pointed out that, by the terms of the policy, in view of the undisputed testimony, the policy was void. *Glutting* v. *Metropolitan Life Insurance Co., 21 Vroom* 287. To constitute a consideration for the payment of premiums on a policy of life insurance, it is essential that the company incur a liability which is not affected by any infirmity it may elect to interpose as a defence to an action on the policy if the life insured should end. *Metropolitan Life Insurance Co.* v. *Felix, 73 Ohio* 46; *Connecticut Mutual Life Insurance Co.* v. *Pyle, 44 Id.* 19.

The cases cited in 25 *Cyc.* 759, where the risk has in fact attached, although it has afterwards terminated, and the insured has therefore had some benefit from the contract, holding that the insured cannot recover back premiums, are not applicable to the present case, since the policies in this case were void from their inception owing to the failure of the defendant to secure the signature of the plaintiff, whose life was insured, to the applications as required by its by-laws.

The defendant's last contention is that the finding of the trial judge should have been for the defendant because it appeared that one of the three receipt books had the name of Edward Mahoney written thereon.

The argument is that this book, with the others, having been, at times, in plaintiff's possession and accessible to him, he is thereby estopped from denying the validity of the insurance.

We incline to think that there is no presumption that the plaintiff read the book before making the payments (*Fisher* v. *Metropolitan Life Insurance Co., 162 Mass.* 236), but however that may be, the plaintiff testified that he did not know that his name was on the book. The trial judge found as a fact that the payment was made in the mistaken belief that the insurance was upon the life of his wife, and this court will not review the decision of the trial judge upon ques-

tions of fact where there is evidence to support it. *Howard* v. *Moore,* 50 *Vroom* 329; *Aschenberg* v. *Mundy,* 47 *Id.* 352.

The judgment of the court below will be affirmed.