# DRUCKENMILLER *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

---

LIFE INSURANCE; PREMIUMS PAID BY MISTAKE OR FRAUD; PRINCIPAL AND AGENT.

1. While premiums paid in good faith by mistake upon a policy of insur-

ance void *ab initio* may be recovered, such a policy is not void because the premiums have been paid by someone not the assured or beneficiary, or by one having no insurable interest in the life of the insured, whether he paid them in the belief that he was the beneficiary or could collect upon it, as the policy is still binding upon the insurer.

2. An action against a life insurance company, by the sister of the insured, to recover premiums paid on the false representation by an agent of the company that her father was the beneficiary, and that if he would assign his rights to her she would become the beneficiary, will not lie, where it appears that the policy was in possession of the plaintiff, and showed on its face that no beneficiary was named therein, and, also, that she retained the assignment which her father executed, and the defendant had no knowledge of it, and also that the policy contained a provision that agents were not authorized to make, alter, or discharge contracts, waive forfeitures, or to bind the company by any promise or representation.

No. 2909.   Submitted April 5, 1916.   Decided May 1, 1916.

HEARING on an appeal by the plaintiff from a judgment, on the pleadings and affidavits of the parties, in an action to recover premiums paid on policies of insurance.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action of assumpsit brought by Mary Druckenmiller against the Prudential Insurance Company of America to recover the sum of $446.50, paid by her as premiums on two policies of insurance on the life of Elizabeth McGlone, issued February 6, 1885, and August 7, 1896, respectively, no beneficiary being named in said policies.

It was stipulated that the cause should be heard on the pleadings and affidavits of the parties.

Plaintiff's affidavit reads as follows:

"Deponent says that on January 20, 1899, the above-numbered policies had been issued, there being no beneficiary named

in them and no beneficiary named in the application, but she did not know this until advised by her counsel a few months ago, when she consulted him with reference to these policies, and that on, to wit, the 20th day of January, 1899, the agent represented that her father was the beneficiary in the policies, and that if he would sign a form which is annexed hereto and made a part of this affidavit, that the plaintiff, who is and was the sister of the insured, would become the beneficiary under the policies; that, relying upon said statement, this deponent paid the amount of money above mentioned; and she is now advised for the first time that she is not the beneficiary under the policies, and that the form signed does not make her the beneficiary; that her father was never the beneficiary under policies; that the said money was paid by her under these false representations made to her, which she believed to be true, and parted with her money believing them to be true, and she now asks that she be entitled to damages, which is the amount paid, with interest thereon, to wit, the sum of $446.50; and this amount she claims due her, exclusive of all set-offs and just grounds of defense, and tenders the policies back to the defendant company, her father having departed this life."

The assignment attached to said affidavit of Thomas McGlone reads as follows:

"I, Thomas McGlone, request and authorize the said company, in event of my death prior to the death of the person next hereinafter named, to pay the benefit specified in said policy to Mary Druckenmiller, my (state relationship, if any) daughter, and the receipt signed by said person, or other sufficient proof of such payment, shall operate in the same manner as the receipt or proof of payment described in said policy.

"It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements, or conditions contained in said policy and the applica-

tion therefor, especially the first proviso in case the policy is numbered between No. 59,691 and No. 816,845 inclusive, or article second in case the policy is numbered higher than No. 816,845; and that said company may, at its option, pay said benefit according to the said proviso, or article second, anything herein to the contrary notwithstanding."

The affidavit of defendant reads as follows:

"George S. Wainwright, being first duly sworn according to law, upon oath deposes and says that he is the superintendent in the District of Columbia of the Prudential Insurance Company of America, a corporation, the defendant named in the above-entitled cause, and that the defendant insurance company has a good defense to said cause of action filed against it, which said defense is as follows: That on the 6th day of February, 1885, it issued its policy of insurance, known as an industrial policy, No. 969,641, on the life of Elizabeth McGlone, and thereafter, to wit, on the 7th day of August, 1896, it issued its policy of life insurance, known as an industrial policy, No. 9,-597,731, on the life of Elizabeth S. McGlone; that under the terms of the contract of insurance this defendant promised and agreed, in consideration of the applications for said policies, which were respectively made a part of the contract thereof, and of the payment of the weekly premiums thereon, to pay at its home office in the city of Newark, New Jersey, unto the executors, administrators, or assigns of the persons respectively insured under said policies, the amount thereof, unless settlement should be made as provided for under the provisions of article 2 therein contained, upon being furnished satisfactory proof of the death of the insured during the continuance of the policy.

"That under article second of said policy it is provided as follows:

" 'The company may pay the sum of money insured hereby, to any relative by blood or connection by marriage of the in-

sured, or any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose; and the production by the company of the receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

"Affiant further says that said policies further provide that agents are not authorized to make, alter, or discharge contracts, or waive forfeiture, or receive premiums on policies in arrears beyond the time allowed by the regulations of the company, which in no case shall exceed four weeks, or to bind the company or make any promise or representation. Affiant also says that by reason of the foregoing no agent of the defendant company had authority to make any changes in the conditions of said policies, or to make any representations in respect thereto which changed the legal effect of the same, and that, even if the representations alleged to have been made by an agent of said defendant company were in fact made, such representations in no way whatsoever bound the defendant company.

"Affiant further says that while no beneficiary is mentioned in said policies, or either of them, yet the policies respectively provide that in the event of the death of the insured the defendant company has the power, under article second thereof, to select the beneficiary in accordance with the terms thereof.

"Affiant further says that in accordance with the form signed by Thomas McGlone, copies of which are attached to the declaration and affidavit in this case, it is recited that Thomas McGlone is the insured under the policies referred to therein and upon which this suit is based, and, so far as affiant is informed, said forms have been retained by the holder of the policy, and never in the possession of the defendant company; that said

forms further contain a provision to the effect that nothing therein contained is to vary in any manner any of the provisions, agreements, or conditions contained in said policy, and the application therefor, and especially, among other things, article second in case the policies are numbered higher than 816,845; and, further, that said company may at its option pay said benefit according to its said proviso or article second, anything in said form to the contrary notwithstanding.

"Therefore, in view of the foregoing, affiant says that no cause of action has arisen against it under the conditions of said policy, and that no cause of action has accrued to the plaintiff as against the defendant company, either under the terms of the policy or otherwise, as set forth in the declaration and affidavit filed with this cause."

The trial court entered judgment on these affidavits for defendant, and plaintiff has appealed, assigning as error the entry of judgment on the foregoing facts.

*Mr. W. Gwynn Gardiner* and *Mr. L. L. Hamby* for the appellant.

*Mr. B. S. Minor, Mr. Hugh B. Rowland,* and *Mr. Colby W. Bell* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The plaintiff's action of assumpsit is founded on the established doctrine that premiums paid in good faith by mistake upon a policy of insurance void *ab initio* may be recovered. See *Hogben* v. *Metropolitan L. Ins. Co.* 69 Conn. 503, 61 Am. St. Rep. 53, 38 Atl. 214; *Metropolitan L. Ins. Co.* v. *Felix,* 73 Ohio St. 46, 75 N. E. 941, 4 Ann. Cas. 121; *McCann* v. *Metropolitan L. Ins. Co.* 177 Mass. 280, 58 N. E. 1026; *Mahoney* v. *Metropolitan L. Ins. Co.* 80 N. J. L. 136, 76 Atl. 458.

But a policy is not void because the premiums had been paid by someone not the assured or beneficiary, or by one having no insurable interest in the life of the insured, whether or not he paid them in the belief that he was the beneficiary or could collect upon it. The policy is still binding upon the insurance company, which would have it to pay according to its terms, on the death of the insured. *Monast* v. *Manhattan L. Ins. Co.* 32 R. I. 557–567, 79 Atl. 932, and cases there cited.

The plaintiff had the policies in her possession at the time of the supposed assignment of the same. She took the assignment of Thomas McGlone, with knowledge that he was not named as beneficiary in either. The fact that she alleges that the agent represented her father to be the beneficiary by his assignment could not effect a change in the policy, or make it a binding contract on behalf of the plaintiff, for the policies contained the express provision that agents are not authorized to make, alter, or discharge contracts, or waive forfeiture, or receive premiums on policies in arrears beyond the time allowed by the regulations of the company, which in no case shall exceed four weeks, or to bind the company, or make any promise or representation. Moreover, this assignment was held by the plaintiff, and the defendant had no knowledge of it. Having the policy in possession, with the stipulation in it, the plaintiff is bound by the notice of the limitation upon the power of agents to make representations, and so forth, binding upon the company.

The binding effect of such clause of a policy is well settled. *Ætna L. Ins. Co.* v. *Moore,* 231 U. S. 543–559, 58 L. ed. 356–366, 34 Sup. Ct. Rep. 186; *Prudential L. Ins. Co.* v. *Moore,* 231 U. S. 560–567, 58 L. ed. 367–372, 34 Sup. Ct. Rep. 191.

The judgment rendered was right, and it is affirmed, with costs.                                    *Affirmed.*