CAMDEN CITY DISTRICT COURT.

MARY MAGLIANO, PLAINTIFF, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT.

Decided November 2, 1943.

For the plaintiff, *Frank M. Lario.*

For the defendant, *Starr, Summerill & Lloyd.*

MARTINO, D. C. J.   On October 27th, 1941, plaintiff's decedent, Antonio Magliano, applied to the defendant company for a policy of insurance.   On November 3d, 1941, the policy was issued and named the plaintiff as beneficiary.   The policy was in the amount of two hundred eighty dollars ($280). The insured died on April 13th, 1942.   The plaintiff claimed the benefits under the policy; the defendant company denied liability and offered a return of the paid premiums, which offer the plaintiff refused and the present suit was instituted.

The policy of insurance contained the following clause:

*"When Policy is Incontestable and When Voidable.*   This policy shall be incontestable after it has been in force, during the lifetime of the Insured, for one year from its date of issue, except for nonpayment of premiums.

"Subject to the foregoing provision, if within two years prior to the date of issue of this Policy the Insured has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the Policy fails

to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this Policy shall be voidable by the Company either before or after any claim unless reference to such institutional, hospital, medical, or surgical treatment or attnction is endorsed on this Policy by the Company. Provided, however, that this Policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this Policy.

"If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."

No endorsement of any medical attention, other than "Cold February 1941" was disclosed upon the policy or the application.

Plaintiff testified and identified the policy of insurance and application for insurance which were admitted into evidence without objection. The plaintiff further testified that an offer of the return of the premiums paid was made by the defendant but was refused. The plaintiff then rested.

Defendant company called Dr. Salvatore Siniscalco who stated that he was decedent's physician for approximately two years before his death and that the decedent was suffering from bronchial asthma and hypertension, that he did not see the decedent within a period of three months before his death. He stated on direct examination and also on cross-examination that he never revealed to decedent his ailments. He stated that he treated decedent for these ailmnts prior to November 3d, 1941, and for a period within two years of his death; the policy was in effect for a little more than five months. The defendant also called as a witness Janet Matthews who stated she was employed by a realtor of Camden, New Jersey, for whom the decedent performed janitorial duties, and that the decedent on October 23d, 1941, told her that he was quitting his job because his doctor had advised him that he had a serious heart ailment. This date was four days before the application to the defendant was signed. The defendant offered to show certain hospital records which were objected to because of the manner in which the offer of proof was made. Counsel for defendant withdrew the witness and

rested. The plaintiff offered no rebuttal and both sides rested. The defendant now moves for a directed verdict.

The failure to have endorsed upon the policy the medical treatment or attention administered by the decedent's physician for a period within two years prior to the issuance of the policy cast a duty upon the claimant to show that the treatment was not for a serious physical condition. The non-disclosure of the medical treatment cast a burden of proof upon the claimant to show that the condition for which treatment was sought was not serious. *Winter* v. *Metropolitan Life Insurance Co.*, 129 *N. J. L.* 187; 28 *Atl. Rep.* (2d) 657; *Galonka* v. *Metropolitan Life Insurance Co.*, 129 *N. J. L.* 579; 30 *Atl. Rep.* (2d) 588.

Although a tender of the premiums paid was made by defendant company and refused, this was not a prerequisite to the effective exercise of its reserved right to declare the policy void for breach of the cited condition. *Winter* v. *Metropolitan Life Insurance Co.*, 123 *N. J. L.* 568; 9 *Atl. Rep.* (2d) 798.

Counsel for plaintiff contends that this court can enter judgment for return of the premiums paid should it rule that defendant is entitled to a verdict. The pleadings before the court do not justify such a conclusion. The proper form of action to recover back premiums on an insurance policy is an action at law for money had and received by the insurer. *Mahoney* v. *Metropolitan Life Insurance Co.*, 80 *N. J. L.* 136; 76 *Atl. Rep.* 458.

Judgment is directed for the defendant.