MARY SULLIVAN *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Hampden.   September 27, 1899. — October 21, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Action — Premiums paid on Policy of Life Insurance — Privity between Plaintiff and Defendant.*

The ground upon which the beneficiary named in a policy of life insurance sought to recover the premiums paid was that the policy was void and never attached, on account of the failure to comply in making the application with certain rules of the company.  It appeared that a third person caused the insurance to be effected without the knowledge of the plaintiff or the insured and paid all the premiums which were paid.  There was no evidence that the plaintiff paid any

premiums, or that the third person, in paying them, acted as the agent of the plaintiff. *Held,* that there was no privity between the plaintiff and the defendant, and that the action could not be maintained.

CONTRACT, upon a policy of life insurance. Trial in the Superior Court, before *Dewey,* J., who, at the conclusion of the plaintiff's case, ruled, at the request of the defendant, that the plaintiff could not maintain her action, and directed a verdict for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*J. L. Doherty & D. E. Leary,* for the plaintiff.

*J. B. Carroll & W. H. McClintock,* for the defendant.

LATHROP, J. The bill of exceptions states that the plaintiff was named as beneficiary in an application for insurance upon the life of her father, Timothy Sullivan, for the sum of $500. It also states that the policy is dated May 2, 1887, and that premiums, to the amount of $565, were paid to the defendant on account of the insurance, when payment ceased, and this action was brought to recover back that amount less $10 received as a dividend. The date of the writ is June 15, 1898.

The ground upon which the plaintiff seeks to recover the premiums is that the policy was void and never attached, on account of the failure to comply, in making the application, with certain rules of the company, which required that the person insured should have knowledge of the insurance, and should sign the application on the back thereof, and should be examined by a physician.

The difficulty with the plaintiff's case is that there was no privity between her and the defendant; and the case she relies upon of *Fisher* v. *Metropolitan Ins. Co.* 160 Mass. 386, and 162 Mass. 236, does not apply. One McCann caused the insurance to be effected without the knowledge of the plaintiff or her father, and paid all the premiums which were paid. There is no evidence that the plaintiff paid any premium, or that McCann, in paying them, acted as the agent of the plaintiff. Under these circumstances we see no ground upon which this action can be maintained.

*Exceptions overruled.*