concerning it, and the sole inference sought to be derived therefrom was that he would not have made such exclamation unless he had witnessed it, and thereby probability might be imparted to his testimony. Concerning the principal fact, viz., the accident, how it occurred, and who was responsible therefor, the testimony had no connection, and neither explained nor elucidated the principal fact; consequently, it was not admissible as part of the res gestæ. Declarations of parties and of witnesses are admitted under limited conditions, but the declarations must have connection in point of time with the transaction, and be in some measure explanatory of it. Mere proximity in time, or probability that the declaration is true, is not sufficient; the other elements must concur. Butler v. Railway Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738; Waldele v. Railroad Co., supra. The declaration of Nixon admitted in the present case does not fall within the rule. It was therefore error to admit it, for which reason, the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(69 App. Div. 108.)

### NORTHERN ASSUR. CO. v. GOELET et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

**1. INSURANCE—PREMIUMS—PAYMENT—LEASES.**

By the terms of a lease the lessee agreed to keep the premises insured, and to pay all the premiums, and deliver the policies to the lessors, and, if he failed, they were to pay the premiums, and add the amount to the rent charged. The lessee applied to brokers, who applied to plaintiff for insurance, who issued its policy, and delivered the same to the brokers, who in turn delivered it to the lessors, who retained it until plaintiff made demand on the lessors for payment of the premium, when it was delivered and canceled. *Held,* that the plaintiff could not recover the premiums from the lessors, no contract relations existing between them.

**2. SAME—INSURANCE BY TENANT—LIABILITY OF LANDLORD—AGENCY.**

The lessee's agreement to insure was an independent agreement, in which he acted as a principal, and the lessor could not be held liable on the ground of agency.

Appeal from trial term, New York county.

Action by the Northern Assurance Company against Harriet W. Goelet and others to recover premium on a policy of insurance. From a judgment for defendant (65 N. Y. Supp. 403), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

E. H. P. Squire, for appellant.

Theodore De Witt, for respondents.

HATCH, J. This case was tried before the court without a jury. All of the facts were stipulated, and the question to be determined is solely one of law. It appeared that one Frank B. Murtha was a lessee of certain premises in the city of New York known as the

"Murray Hill Theater," of which Ogden and Robert Goelet were the owners and lessors. They having died after the commencement of this action, the same was revived and continued in the name of their executors. By the terms of the lease between the Goelets and Murtha, the latter agreed to keep the leased premises insured during the term of the lease in the sum of $80,000, to pay all premiums charged for such insurance, and deliver the policies to the said lessors; and, if he failed in such payment, the lessors were authorized to pay the same, and add the amount thereof to the rent falling due upon the next ensuing rent day after such payment. The lessee, after the execution of the lease, applied to Ferguson & Van Name, insurance brokers, to procure such insurance, and upon the brokers' application the plaintiff issued its policy insuring the premises, and delivered the same to the brokers, who in turn delivered it to the Goelets, who received and retained the same until the 26th day of November, 1897, when it was surrendered up by Robert Goelet to the plaintiff and canceled. A bill for the premium on the policy was sent to the brokers, but no bill or demand for payment was made, either by the plaintiff or any other person, upon the Goelets, until shortly prior to the cancellation of the policy. At about the time of the surrender and cancellation of the policy the lessee became financially embarrassed, was in arrears for the payment of rent due under the lease, and thereafter became and remained insolvent, owing about $15,000 for rent, taxes, etc., due by virtue of the provisions of his lease. By this action the plaintiff seeks to charge the insured for the premiums earned upon said policy, the same never having been paid by Murtha. The complaint was dismissed at the trial, and an appeal from the judgment entered thereon brings the matter into this court.

We are of opinion that the complaint was properly dismissed. It would not be contended, if the insurance company had executed its policy insuring these premises, and sent the same to the Goelets, without any request on their part or contract for the insurance, and they had not returned the same, that any liability would accrue in favor of the plaintiff against the Goelets for the premiums of insurance upon the policy. Such act upon the part of the plaintiff, in the absence of any contract for such insurance, could not create any liability to pay the premium thereon, as there would exist no contract relation between the parties in respect thereto, and liability could not be created in such manner. The act upon the part of the plaintiff would be purely voluntary, and no basis of liability could be founded thereon. This is exactly the relation that existed between the Goelets and the plaintiff when the demand for payment of the premium was made. If thereafter the Goelets had continued to hold the policy, a different question would have been presented as to whether liability attached; but they did not. On the contrary, the policy was immediately surrendered and canceled. The intervening persons and acts between the application for the policy, its issue, and delivery to the Goelets do not in the slightest change the legal rights and liabilities of the parties from those which would exist in the case we have supposed.

Liability is sought to be predicated upon the claim that Murtha was the general agent of the Goelets in procuring the insurance. If this were the fact, liability would, of course, attach to them as though they acted in person. Such, however, was not the relation existing between those parties. Their relation was that of landlord and tenant, and in respect to the agreement which constituted it they dealt with each other at arm's length as principals, and Murtha no more became the agent of the lessors in procuring the insurance than he would in the engagement of actors to play in the theater. He made an independent covenant to insure these premises, not as agent of the Goelets, but as principal in his contract of lease; and when he procured the policy to be issued he acted for himself pursuant to the terms of his covenant. Consequently, there was no request of the lessors which could be implied through Murtha's act for the plaintiff to issue the policy. The lessee contracted with the brokers to procure the policy, and they procured it for him, and looked to him for payment. The plaintiff dealt with the brokers, and, while they undoubtedly could follow their principal when he was disclosed, and collect the premium from him, it conferred upon them no right to follow third persons, and collect the premium of them, even though they were the persons insured, in the absence of any contract by them to pay therefor. The plaintiff could only recover upon a contract, express or implied, which created liability against the persons named in the policy, and, as there was no such contract embraced within its terms or outside of it by independent stipulation, no liability could attach.

It follows that the judgment below was correct, and should, therefore, be affirmed, with costs. All concur.