RICHARD T. MILLER, RECEIVER OF ANDERSON FOOD COMPANY, PLAINTIFF AND APPELLANT, v. HOME INSURANCE COMPANY, DEFENDANT AND RESPONDENT.

Submitted March 17, 1904—Decided June 13, 1904.

1. A contract between the insured, under a fire policy, and the insurance broker, that if the latter will advance the amount of premium to the insurer he may hold the policy as collateral security for repayment of the premium advanced, and in case of cancellation of the policy by the insurer, the insurance broker may also collect the unearned premium and credit the money so received upon the debt so due from the insured, cannot be regarded as tending to fasten upon the policy any new or different contract, so as to exclude the proof thereof by parol testimony.

2. Such a contract is a dealing by the insured with the unearned premium to become due, in case of cancellation before the expiration of the policy, by pledging the same to another to secure the repayment to him of money advanced by the latter to pay the premium.

3. Under such a contract and pledge, if the policy be canceled before maturity and the insured has paid the unearned premium to such broker upon a surrender of the policy, and the latter

has credited it upon the debt of the insured thus created, the payment thus made will be a complete defence to any action thereafter by the insured against the insurer to collect such unearned premium.

4. Where an agency is coupled with an interest given for a valuable consideration or is part of a security, it is not subject to revocation by the principal.

On appeal from the Camden District Court.

Before Justices HENDRICKSON and PITNEY.

For the appellant, *Lewis Starr.*

For the respondent, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

HENDRICKSON, J. This is an appeal from a judgment of the District Court of the city of Camden. The appellant, who was plaintiff below, is the receiver of the Anderson Food Company. The suit was brought to recover from the defendant company $217.80, the return premium upon a policy of insurance upon the plant of the insured, issued by the latter to the Anderson company. Upon the insolvency of the latter the defendant company cancelled the policy and thereupon, according to the terms of the policy, the premium paid became due and payable to the insured, subject to a *pro rata* reduction for the time the policy had run. The defence was, in brief, · that the defendant had already paid the unearned premium to the firm of D. A. Henderson & Company, insurance brokers of Camden, who produced the policy for cancellation and who claimed the return premium under and by virtue of a contract with the Anderson company, to be hereafter stated. The trial resulted in a verdict for the defendant. A reversal of the judgment is asked (1) because of the refusal of the trial judge to overrule the defence and direct a verdict for the plaintiff; (2) for permitting the introduction of testimony in support of the alleged defence.

The contract upon which the defence was based arose in

this way: The firm of D. A. Henderson & Company represented the defendant company in the city of Camden, as they did a number of other insurance companies, in soliciting and effecting insurance upon property. Mr. Henderson was also a director and vice president of the Anderson company. On behalf of his firm he had written up policies upon the plant and property of the Anderson company, at its request, in the various companies represented by them, to a large amount. These policies, including the policy involved in this suit, expired on December 31st, 1902. At that time a mortgage creditor of the Anderson company was threatening suit, so that the continued solvency of the Anderson company was in doubt. The latter company, through its president, concluded that the policies had better be renewed, but it was short of cash. It procured their renewal through the office of D. A. Henderson & Company upon the following agreement: The latter firm was to pay the premiums, which then amounted to $2,443, upon condition that the Henderson firm should hold the policies when issued as collateral security for repayment, and in case of a cancellation of the policies by the insurance companies before their expiration the unearned premiums were to be collected and received by the Henderson firm and be by the latter credited on account of the premiums advanced. A little later the transaction was concluded by the writing of the policies and the payment of the premiums by the Henderson firm. The Anderson company settled with the latter firm by a payment of $443 and by giving its note to them for $2,000, subject to the terms of the agreement before stated, which were again repeated. The Henderson firm thereupon executed a receipt acknowledging payment to them of the amount of premiums reserved by the policies, but the policies themselves were retained and held by them until the time of their cancellation.

Upon the insolvency of the Anderson company being decreed the insurance companies canceled the policies in question, paying to the Henderson firm, upon their production and surrender of the policies, the amount of the unearned portion of the premiums.

The note in question had before then come due and had been protested for non-payment. The Henderson firm thereupon credited the amount so received upon the note in pursuance of the agreement. There was no dispute as to the terms of the agreement, nor as to the facts relating thereto as here stated. The question raised is, do the facts, as proved at the trial, furnish a lawful defence to the suit? The principal contention of the plaintiff is that by the terms of the written policy the money was due and payable to the insured only; that this contract cannot be altered by parol, and that the Henderson firm must seek their remedy, if any, in equity and not by a suit at law.

It was also contended that the insurer was no party to the agreement in question, and that hence it could not be binding upon the defendant, and that if the Henderson firm could not recover from the insurer in pursuance of it, neither could the defendant justify a payment to the Henderson firm under it.

We think there is a fallacy in this reasoning that to some extent grows out of a misconception of fact as well as law. The agreement did not attempt to fasten upon the policy any new or different contract between the parties thereto, hence the proof thereof by parol was not objectionable from that standpoint. It was a dealing by the insured with the unearned premium that might thereafter accrue under the terms of the policy, in case of cancellation, by pledging the same to another to secure the repayment to him of moneys advanced by the latter to pay the premium thereon. The agreement was made upon a valid consideration and included not only the retaining and holding of the policy in pledge as security, but the right and authority to collect and receive the unearned premium, in case of cancellation, for the purpose stated.

It is unnecessary to determine whether the transaction in question operated as an assignment of the policy, and that need not be decided. An assignment of a chose in action, under our statute (*Pamph. L.* 1903, *p.* 540, § 19), need not be made in writing; it may be made by mere delivery for

value. *Winfield* v. *City of Hudson,* 4 *Dutcher* 255; *Sullivan* v. *Visconti,* 39 *Vroom* 543. If it were, the defence made in this suit was plainly a complete one. But we think the transaction may more properly be treated as an executory agreement, accompanied with a pledge of the policy, and containing as a part thereof an irrevocable agency created thereunder authorizing the Henderson firm to do exactly what they did do, and that is upon the happening of the cancellation to collect the return premium upon the policy and credit it upon the note. There was no attempt to revoke this agency during the pendency of the agreement, so that its irrevocability is not perhaps in question. But that it was irrevocable seems to be clear. Where the agency is coupled with an interest given for a valuable consideration or is part of a security, it is not subject to revocation by the principal. Again, where the agency is created for the protection of the party authorized—where it is a part of the security or necessary to effectuate it—it is then coupled with an interest and irrevocable, as where the power to collect a debt is given as a security for the purpose of reimbursing the agent. 1 *Am. & Eng. Encycl. L.* (*2d ed.*) 1217, 1219, and notes. Applying these principles to the facts of the case, we think that the defendant company, having once paid the return premium to the Henderson firm, the holders of the policy, as pledgees, who were clothed with authority under the agreement of the insured to collect the same and apply it to its debt, no suit could lie by or in behalf of the insured to collect it again. We think, therefore, that the motion to direct a verdict for the plaintiff was properly refused. The only other ground urged for reversal is the admission, over objection, of illegal testimony. We think in several instances these objections were well taken. But since we find that the evidence had no material bearing upon the real questions at issue, we regard the objectionable rulings as harmless error.

The result is that the judgment below must be affirmed, with costs.