### REID v. STATE BANK.

(Supreme Court, Appellate Term. November 12, 1909.)

1. MORTGAGES (§ 201*)—INSURANCE—DUTY TO INSURE—LIABILITY FOR PREMIUMS.

The duty to insure mortgaged property and pay the premiums rests primarily on the mortgagor, and the mortgagee does not become liable for the premium by merely retaining the policy, and because it had an insurable interest protected thereby, unless it requested the issuance of the policy or receives the benefit thereof under circumstances raising an implied promise to pay therefor.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 201.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 110*)—ACTION FOR PREMIUM—EVIDENCE.
    In an action against a mortgagee by an insurance broker to recover
    premiums on policies insuring the mortgaged property, delivered to the
    mortgagee, evidence *held* insufficient to show that the mortgagee requested
    the broker to procure the policies for it.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 110.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Wallace Reid against the State Bank. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

H. A. & C. E. Heydt (J. W. Van Gordon, of counsel), for respondent.

LEHMAN, J. The plaintiff's assignor, an insurance broker, testified that he called the defendant's number on the telephone and had some conversation with some one whose voice he did not recognize; that thereafter he procured five fire insurance policies on premises in Lenox avenue, insuring Meyer Frank as owner, and payable to the defendant as mortgagee. He took these policies to the defendant's place of business, and delivered them to the manager of its law department, and told him that "these were the policies that had been ordered on that property." The witness does not seem entirely clear as to the words used, because in his testimony he twice repeats them in the above form, and at another time testifies that he said: "These are the policies that were ordered by the State Bank over the telephone." The manager then examined the policies and said: "That is all right" —and made some remark as to whether the broker thought Meyer Frank would ever be able to pay those premiums. On cross-examination, it appears that the broker had never acted for the bank, except in relation to property owned by Meyer Frank, and that he was not the State Bank's broker, but was the broker for Meyer Frank, having charge of all his properties in relation to insurance.

Under these circumstances, and in spite of the denial of the defendant's manager of its law department, the trial justice has given judgment against the defendant for the amount of the premiums unpaid upon these policies. The primary duty to obtain these policies and to pay the premiums rested upon the mortgagor, and the mortgagee does not become liable merely because it retained the policies and had an insurable interest, which received the benefit, unless it also requests the issuance of the policies or receives the benefit under circumstances where the law would imply its promise to pay. Northern Assurance Co. v. Goelet, 69 App. Div. 108, 74 N. Y. Supp. 553. In this case I can find no sufficient evidence of such a request. The broker was not its broker, and, even according to the testimony introduced by the plaintiff, the parties apparently supposed that the mortgagor would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

pay the premiums. Conceding that by the admission of the defendant's manager it appears that the defendant did telephone some orders in regard to the policies, there is no testimony as to what these orders were, and, in the absence of testimony on this point, it seems to me that, from the relations of the parties to the subject-matter, the only reasonable inference is that these orders were given to the brokers as representatives of the owner, and were not requests made by the defendant on its own behalf to obtain insurance. The defendant did no retain the benefit after it knew that the owner was no paying the premiums, because it appears that it returned all policies in August, when it found that Frank had not paid the premiums, and took out new policies in its own behalf. The premiums claimed here are only the short-rate premiums upon the canceled policies.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.