### WILLIS CAB & AUTO CO. v. GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORPORATION, LIMITED, OF PERTH, SCOTLAND.

(Supreme Court, Appellate Term. June 21, 1912.)

1. PRINCIPAL AND AGENT (§ 22*)—AGENCY—DECLARATIONS OF AGENT.

On an issue as to whether insurance brokers in effecting insurance acted as plaintiff's agents, the brokers' statements that they were acting for plaintiff were inadmissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. PLEADING (§ 36*)—AMENDMENT—ADMISSIONS.

Where plaintiff sued on a policy alleged to have executed and delivered to another, and defendant counterclaimed for premiums unpaid, plaintiff's amendment to its complaint, after the court had excluded evidence that certain brokers, in effecting the insurance acted for the company to which the policy was delivered, and not for plaintiff, so as merely to allege that defendant entered into a contract of insurance, without specifying the party with whom the contract was made, did not constitute an admission of the allegations of the counterclaim

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the contract was with plaintiff and that it was liable for the premiums.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 57–58½; Dec. Dig. § 36.*]

**3. INSURANCE (§ 616*)—LIABILITY FOR PREMIUM—POLICY FOR BENEFIT OF THIRD PERSON—SET-OFF.**

Where a motor service company took out a policy of insurance for indemnity to plaintiff, an owner of automobiles, for any damages suffered by plaintiff by reason of liability imposed on him by law, and to cover any loss suffered by the motor service company for injuries to automobiles, plaintiff being named as the insured as respects the indemnity feature but claims for damages to automobiles being payable to the motor service company, the insurance company, in an action by plaintiff on the policy to recover on the indemnity feature, could not counterclaim for premiums due on the policy, in the absence of a showing that plaintiff agreed either expressly or impliedly to pay the premiums; the mere issuing of the policy in favor of plaintiff being insufficient to establish such an agreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1531; Dec. Dig. § 616.*]

**4. INSURANCE (§ 616*)—LIABILITY FOR PREMIUMS—POLICY FOR BENEFIT OF THIRD PERSONS.**

The fact that plaintiff made claims for damages under the policy was not inconsistent with the view that the motor service company was the party who agreed to pay the premiums.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1531; Dec. Dig. § 616.*]

Appeal from City Court of New York, Trial Term.

Action by the Willis Cab & Auto Company against the General Accident, Fire & Life Assurance Corporation, Limited, of Perth, Scotland. From a judgment for defendant on its counterclaim by direction of the court, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Adolph B. Rosenfield, of New York City, for appellant.
George W. Hurlbut, of New York City, for respondent.

LEHMAN, J. The complaint herein alleges that on or about December 23, 1908, the defendant entered into a contract with the Elite Motor Service Company to insure and indemnify the plaintiff by reason of the liability imposed upon the plaintiff on account of injuries suffered by any person while being conveyed as a passenger in certain automobiles owned by plaintiff; that the policy of insurance was issued to the Elite Motor Service Company, and the premium paid as provided by the terms of said policy; that the plaintiff was sued by one of its passengers, and a judgment recovered against it. The answer contains a general denial and a counterclaim, setting forth that the defendant entered into a contract on December 23, 1908, with the plaintiff to insure and indemnify it against loss by reason of liability imposed by law upon the plaintiff for various causes, and that plaintiff agreed to pay certain premiums at definite

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

periods; that a policy was issued thereunder, and on the 23d day of December, 1909, the parties entered into a renewal agreement; and that a policy was delivered to and accepted by the plaintiff under the renewal agreement, but that plaintiff has failed to pay the premium due thereon. These allegations were denied by the plaintiff. The sole question arising upon this appeal is whether the trial justice correctly directed a verdict upon the counterclaim.

[1] At the trial it appeared that the policy issued in December, 1908, was obtained by certain insurance brokers, and the defendant was permitted, over plaintiff's objection, to introduce testimony on cross-examination of one of the witnesses, that the brokers stated that they were acting as agents for the plaintiff. Obviously, agency cannot be shown by admissions of the agents. The plaintiff tried to show on its main case that these brokers were acting for the Elite Motor Company, and that the policy was issued to it; but an objection was sustained to these questions. It was apparently the theory of the trial justice that it was immaterial upon the plaintiff's cause of action whether the contract of insurance was made with the plaintiff or with the Elite Motor Company; for the defendant would be liable upon its policy of insurance, if it delivered the policy, regardless of whether or not the plaintiff was the person who agreed to pay the premiums.

[2, 3] The plaintiff then was permitted to amend the complaint, so that it alleged merely that the defendant entered into a contract of insurance, without specifying the party with whom the contract was made. This amendment, however, did not act as an admission of the allegations of the counterclaim that the contract was made with the plaintiff, and certainly did not act as an admission that the renewal contract was made with the plaintiff. To recover upon the counterclaim, the defendant must show that by an agreement, express or implied, the plaintiff agreed to pay the premiums upon the renewal policy. The mere issuing of the policy in favor of the plaintiff is insufficient, if the circumstances show no agreement on the part of the plaintiff to pay therefor. Northern Assurance Co. v. Goelet, 69 App. Div. 108, 74 N. Y. Supp. 553.

[4] In this case the plaintiff is named as the assured; but the policy contains a rider that claims for damages to the automobiles, as distinguished from claims payable for loss by reason of liability imposed by law, were payable directly to the Elite Motor Company. The policy was delivered to the Elite Motor Company, and it is plaintiff's claim that the Elite Motor Company was the party that agreed to pay the premiums; but the evidence upon this was excluded. It is true that the plaintiff did make some claims for damages under the renewal policy; but these claims were not inconsistent with the view that the Elite Motor Company was the party who agreed to pay the premiums.

Judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.