(78 Misc. Rep. 176.)

### LEWIS v. LONDON & LANCASHIRE FIRE INS. CO.

(Supreme Court, Appellate Term, First Department.    November 8, 1912.)

1. INSURANCE (§ 238*)—CANCELLATION—RETURN PREMIUM—MORTGAGES—"INSURED."

The "insured," under Insurance Law (Consol. Laws 1909, c. 28) § 122, which provides that a fire insurance company shall cancel any policy of insurance upon the request of the insured, and shall return the amount of the premium paid, less the short rate premium, includes a mortgagee, for whose benefit a mortgagee clause has been inserted in the policy; and the original assured cannot cancel the policy and recover the unearned premium without the consent of the mortgagee, who holds an independent contract with the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 500, 516, 517; Dec. Dig. § 238.*

For other definitions, see Words and Phrases, vol. 4, p. 3681.]

2. INSURANCE (§ 198*)—RETURN OF PREMIUM—GROUNDS.

That an insurance company had, without plaintiff's consent, transferred, on its books or elsewhere, her interest in a policy to some other person, does not constitute the basis of an action for the return of the premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Minnie Lewis against the London & Lancashire Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cabell & Gilpin, of New York City (Hartwell Cabell, of New York City, of counsel), for appellant.

Herman G. Loew, of New York City (Samuel Lewis, Jr., of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued to recover the unearned premium under a policy of fire insurance, issued to her, which contained the standard mortgagee clause, including the provision: "Loss, if any, payable to Mary J. Kingsland as mortgagee."

[1] The cause of action is based on section 122 of the Insurance Law, which provides that a fire insurance company "shall cancel any policy of insurance upon the request of the insured," and shall return the amount of the premium paid less the short rate premium. When she applied for repayment of the premium, she presented no authorization from the mortgagee; nor did she have, nor undertake to surrender, the policy. It is quite evident that "the insured," under section 122, includes a mortgagee, for whose benefit a mortgagee clause has been inserted in the policy. Indeed, the principle is well settled that, so far as any interference by the original assured may be concerned, the mortgagee holds an independent contract with the insurer. Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141, 147, 154; Eddy v. London Assurance Co., 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686.

Respondent cites Griffey v. N. Y. C. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202, as authority for the proposition that:

"Such a provision *in a policy* is at most a mere appointment to receive, a direction to the company to pay, in the event of loss."

This reference is utterly irrelevant, for not only was there no such provision *in the policy* in the Griffey Case, but the statement of fact, referring to the transfer of the policies as collateral security, says, at page 418 of 100 N. Y. and page 310 of 3 N. E. (53 Am. Rep. 202):

"The consent of the defendant [insurance company] was not indorsed upon the policy, nor does it appear to have been given or asked for."

Plaintiff's other reference (Lewis v. Guardian Ins. Co., 181 N. Y. 397, 74 N. E. 224, 106 Am. St. Rep. 557) is unfortunate, because the point held in that case, namely, that the mortgagee's interest was so complete and vested as that he must be made a party to a suit by the insured upon the policy, confirms the view which I have taken.

[2] Plaintiff seems also to make some point of a claim that the company had without her consent transferred, on its books or elsewhere, her interest in the policy to some other person. Without expressing any view on the question whether that might give her a right to obtain some decree in equity fixing her interest in the policy, it certainly does not constitute the basis of an action for the return of the premium, nor do I see how plaintiff has been damaged thereby.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.