## LOEW v. NORTH BRITISH & MERCANTILE INS. CO.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

INSURANCE ☞198—INSURER'S ACTION FOR UNEARNED PREMIUM—PARTIES.

    In an action for the unearned premium on an insurance policy issued by defendant, where plaintiff tendered the return of a certificate of insurance showing the loss, if any, payable to a mortgagee, the mortgagee should have been made a party, as its interest in the policy could not be affected without its consent.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. ☞198.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William N. Loew against the North British & Mercantile Insurance Company. From a judgment after a trial by judge without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Leo Levy, of New York (Edw. C. Schiffmacher, of New York City, of counsel), for appellant.

John T. Loew, of New York, for respondent.

BIJUR, J. The plaintiff sues for the unearned premium on an insurance policy issued by defendant to him. Plaintiff tendered the return of a certificate of insurance held by him. This certificate shows: "Loss, if any, payable to Lawyers' Mortgage Company, mortgagee," etc.

As the interest of the mortgagee in the policy was one which could not be affected without its consent, it should, to say the least, have been made a party to the action. Lewis v. London & Lancashire Fire Ins. Co., 78 Misc. Rep. 176, 137 N. Y. Supp. 887.

Judgment reversed, with $30 costs, and complaint dismissed, with costs.

LEHMAN, J., concurs.

FINCH, J. (concurring). I concur in the result, but I am unwilling to accede to the proposition that the mortgagee must be a party to the action. This is an action at law. It might be necessary for the insured to prove that the mortgagee had no further interest in the policy, and in that event I do not think it is necessary to make him a

party to the action.  The rule may perhaps be different where the policy contains a "mortgage clause" to the effect that the insurance of the mortgagee should not be invalidated by any act or neglect of the mortgagor or owner of the property, or by any foreclosure or other proceeding or notice of sale relating to the property.  Appellant, in his motion to dismiss and in his brief, assumed that there was such a clause in this policy; but I fail to find it in the record.  Here the provision was merely for the payment of loss to the mortgagee as its interest may appear.