10 So.2d 849
### GLOBE & RUTGERS FIRE INS. CO. v. VAN ANTWERP REALTY CORPORATION, Inc.
#### I Div. 165.

Supreme Court of Alabama.

Dec. 17, 1942.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellant.

Sidney S. Pfleger, of Mobile, for appellee.

THOMAS, Justice.

Van Antwerp Realty Corporation, Inc., a corporation (appellee), filed suit against Globe & Rutgers Fire Insurance Company, a corporation (appellant), claiming the sum of twenty-six hundred twenty-two and 16/100 ($2,622.16) dollars. Plaintiff's complaint consists of three counts. Count number one is for money due on account. Count number two is based on account stated, and count number three is for money had and received. There is no claim for breach of contract of insurance clauses in the leases.

The case was submitted on March 12, 1940, and taken under advisement, and judgment for $4,059.54 was rendered in favor of the plaintiff and against the defendant. This judgment included principal and interest from April 26, 1933.

This case was tried on an agreed statement of facts by the trial court without a jury. The defendant (appellant here) duly excepted to the judgment of the court and appealed.

The suit involved a claim for a refund of unearned premium on a policy issued by the appellant to the appellee. The policy was procured through insurance brokers by *McCrory Stores Corporation, tenant of appellee, who paid the premium on the policy* pursuant to the terms of the lease. *Prior to the filing of this suit,* the *premium had been returned by appellant to the brokers, for the account of McCrory Stores Corporation* for reasons to be stated.

Van Antwerp Realty Corporation, Inc., owned certain business property in the City of Mobile, Alabama. On the 16th of April, 1927, the Van Antwerp Realty Corporation, Inc., leased to McCrory Stores Corporation premises known as The Toggery Shop and Jesse French & Sons Piano Company. The lease was for a period of thirty years, beginning May 15, 1927, and ending May 14, 1957. On December 22, 1928, the Van Antwerp Realty Corporation, Inc., leased premises to McCrory Stores Corporation, known as the Phillips Furniture Company. This second lease was for a period of twenty-eight years, six months and fourteen days, beginning November 1, 1928, and ending May 14, 1957.

Both leases were substantially the same, with the exception of the stipulated "net per annum" rental, and the term of each lease, as we have indicated. These leases contained the following provisions for insurance, viz: "As a *further consideration for this lease, and as rent,* the Lessee agrees that during the term of the said lease, it will, at its own expense, *keep the said property insured in solvent Insurance Companies doing business in Alabama,* to be designated by the Lessor if it so desires, and will promptly pay the premiums thereon. The policies are to be taken out in the name of and deposited with the Lessor." * * * [Italics supplied.]

McCrory Stores Corporation took possession of the property as tenant and continued in possession until January 14, 1933. As required by the leases, it procured a policy of fire and tornado insurance in the amount of Fire, $146,000 and Windstorm, $75,000. It purchased this insurance through Insurance Brokers and Adjustors in New York City, who procured the policy from Globe & Rutgers Fire Insurance Company. Its policy was dated the 17th day of November, 1932, and was for a term of three years from the third day of December, 1932, at noon to the third day of December, 1935, at noon, named the lessor Van Antwerp Realty Corporation as the insured and was deposited with that company. The lessee, McCrory Stores Corporation, paid the premium of $2,920 to the Insurance Brokers, who in turn paid the premium to this appellant.

On January 14, 1933, the McCrory Stores Corporation filed a voluntary petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, in the United States District Court for the Southern District of New York, and was adjudicated a bankrupt. The Irving Trust Company of New York was appointed trustee of the bankrupt's estate. The Insurance Commissioner of New York on March 24, 1933, took over the Globe & Rutgers Fire Insurance Company for the purpose of rehabilitation, and its rehabilitation was terminated by the court, on December 6, 1934, and records and assignments were restored to that Company, and it was permitted to resume business, which it did.

The Irving Trust Company, as trustee for the McCrory Stores Corporation, duly filed a claim for the return premium on said policy in the amount of $2,622.16, in said rehabilitation proccedings touching the Globe & Rutgers Fire Insurance Company. The trustee aforesaid executed a consent to the plan of rehabilitation for the full amount of their claim for return premium, and on December 27, 1934, the return premium was paid by appellant to the broker by and for the McCrory Stores Corporation.

When Globe & Rutgers Fire Insurance Company was taken over by the Insurance Commissioner, the Insurance Brokers advised appellee it was advisable to replace the insurance under the policy aforesaid, and the *brokers procured other adequate fire and windstorm insurance to replace the insurance covered by the Globe & Rutgers Insurance Company's policy.* This was done in accordance with paragraph D of the stipulation, set out and tc be found on pp. 10 and 11 of record.

The Van Antwerp Realty Corporation filed its landlord's claim in the reorganization proceedings of the McCrory Stores Corp., and prior to the filing of this suit the appellee, for a recited valuable consideration, executed an assignment of the same to Thomas Dawson, conveying all of the right, title and interest of the Van Antwerp Realty Corporation in and to any and all claims of the Company against the McCrory Stores Corporation, etc., against the bankrupt estates of said McCrory Stores Corporation, and all claims against others arising out of said landlord's claim. The contingencies upon which title in and to the claim aforesaid were to revest in the plaintiff never occurred. It is unnecessary to set out this transfer in extenso.

Appellee communicated with the Superintendent of Insurance of the State of New York, enclosing the policy of insurance, and requested return of the unearned premium amounting to $2,622.16. Several letters passed between the Insurance Commissioner and appellee up until the 2nd day of January, 1935, the substance of which need not be recited in this opinion. Thereafter appellee addressed communications to appellant, not necessary to be here set out. That is to say, there was an exchange of correspondence, and after the records of the company had been turned back to appellant, it advised the Van Antwerp Realty Corporation that the return premium had been paid to McCrory Stores Corporation on December 27, 1934, as it had a right under its contract relations so to pay.

There arc several obstacles preventing recovery, under the undisputed facts of this case: (1) the merits, (2) the appellee's own action in assigning his rights in the controversy to a third party not before this or the lower court, and (3) the transfer being made prior to filing of the suit and before the condition for a reverter had accrued to the plaintiff.

Attorneys for appellant say, there are very few cases directly touching this situation where similar facts are involved and where the correct construction of the provisions of a policy contract between interested parties and a contract of lease of real property are considered.

The pertinent provisions touching insurance are in the paragraph designated "First," for the "net per annum" rental; in the paragraph designated "second", among other things, for the payment of taxes by lessee, and for insuring the property.

No question is raised as to lessor designating the insurance company under this provision of the contract.

The stipulation defining the lessor's rights under the lease in the event of the lessee's default, among other things, provides as follows: "* * * If Lessee abandons the operation of its business and the premises, fails or becomes insolvent or attempts to remove any property from the premises not in the usual courts [course] of trade, so as to prejudice Lessor's lien as landlord, the *rent for the entire term stipulated in the first paragraph hereof as 'net per annum' to be paid Lessor in cash, shall at the option of the Lessor, and on its written notice to Lessee of such election, immediately become due and payable,* and Lessor shall have the right to enforce such payment by attachment and sale or other appropriate process, and may purchase at any sale made hereunder as if a stranger to this lease." * * *. [Italics and brackets supplied.]

The lease makes no provision in the event of default for the insurance premiums (unearned) to be paid to the lessor. However, the plaintiff-appellee insists upon the return of such unearned premiums.

The lessee (McCrory Stores Corporation) agreed to keep the property insured in solvent insurance companies doing business in Alabama and it is conceded by the parties that this condition constituted a part of the rent for the premises, and that this was as much a component part of the rent as the stipulated amount to be paid per annum. As long as the lessee kept the premises insured for its insurable value in solvent insurance companies doing business in Alabama, there was no breach of the lease and there was no demand by the lessors that the insurance be placed with another or its designated company doing business in Alabama.

The vital question of the contract as to this duty is that the Van Antwerp Corporation would have just cause of complaint if at any time the lessee failed to keep the property insured as provided by the lease. This did not eventuate as shown by the agreed facts.

■ The interpretation placed upon this provision, as to insurance, by the Van Antwerp Corporation, is to the effect that the premium paid by the lessee on such policies is a part of the rent and, therefore, if there is any return of such premium, it belongs to them, notwithstanding the fact the insurance at all times was maintained at the lessee's expense. This was never the intention of the parties as manifested by the contract and agreed statement of facts. Any such construction would give appellee more than it contracted for and would be contrary to the common observation and meaning of the words employed by them in the contract.

■ When the policy was cancelled by appellant, McCrory Stores Corporation was still bound by the terms of their lease to procure other satisfactory insurance. Van Antwerp Corporation could not be placed in position to benefit by the cancellation to the extent of the returned premium, and still exact the additional insurance from McCrory Stores Corporation at their expense. Such is the result since Van Antwerp Corporation has or did not pay any part of the premium in controversy. The entire premium was paid by McCrory Stores in pursuance with the terms of their lease with the Van Antwerp Corporation. It follows that the returned premiums belonged to the lessee and not to appellee under a reasonable construction of the contract and under the rules of good conscience.

For aught the record shows, this return premium enabled the lessee to procure the additional or other adequate and satisfactory insurance to replace the insurance that had been cancelled and terminated in the rehabilitation proceedings.

The general rule with reference to the return of premiums is found in 3 Couch, § 735, p. 2407, and is as follows: "As a general rule, the premium, if returnable, is due to the insured, *although if another has paid it in good faith, he may be entitled thereto,* and the action need not necessarily be brought by the actual insured, but may be maintained by the nominal party in interest. * * *." [Italics supplied.]

The decision presented by appellant on like facts as to unearned premium is that of Northern Assurance Co. v. Goelet et al., 69 App.Div. 108, 74 N.Y.S. 553, 555. In that case Ogden and Robert Goelet were the owners of the Murry Hill Theatre. Under the terms of their lease with one Murtha, the latter agreed to keep the premises insured during the term of the lease and pay all premiums and deliver the policies to the lessors, and, if the lessee failed to make such payment, the lessors were authorized to pay the same and add the amount thereof to the rent falling due. Murtha procured the insurance through his brokers and the policy was issued, but later surrendered by Goelet to the company and cancelled. The lessee never paid the premiums, as he was insolvent. The company filed suit against Goelet to recover the premiums. The court held as follows:

"Liability is sought to be predicated upon the claim that Murtha was the general agent of the Goelets in procuring the insurance. If this were the fact, liability would, of course, attach to them as though they acted in person. Such, however, was not the relation existing between those parties. Their relation was that of landlord and tenant, and in respect to the agreement which constituted it they dealt with each other at arm's length as principals, and Murtha no more became the agent of the lessors in procuring the insurance than he would in the engagement of actors to play in the theater. He made an independent covenant to insure these premises, not as agent of the Goelets, but as principal in his contract of lease; and when he procured the policy to be issued he acted for himself pursuant to the terms of his covenant. Consequently, there was no request of the lessors which could be implied through Murtha's act for the plaintiff to issue the policy. The lessee contracted with the brokers to procure the policy, and they procured it for him, and looked to him for payment. The plaintiff dealt with the brokers, and, while they undoubtedly could follow their principal when he was disclosed, and collect the premium from him, it conferred upon them no right to follow third persons, and collect the premium of them, even though they were the persons insured, in the absence of any contract by them to pay therefor. The plaintiff could only recover upon a contract, express or implied, which created liability against the persons named in the policy, and, as there was no such contract embraced within its terms or outside of it by independent stipulation, no liability could attach."

The facts in the Goelet case, supra, are identical with the facts here. The difference is that the company sought to recover the premium of the landlord, where the landlord here seeks to recover the unearned premium of the company. In each case, the tenant was the sole party obligated to pay the premium and the only party in privity of contract with the company, insofar as the payment of the premium was concerned. Applying the rule announced in the Goelet case, supra, to the case at bar, if McCrory Stores Corporation had failed to pay the premium, Globe & Rutgers could not have recovered against Van Antwerp Corporation, as there is no privity of contract between them in so far as the premiums are concerned. Therefore, Globe, Rutgers acted within their rights when the premium was returned to the brokers for the McCrory Stores Corporation.

Other analogous cases that need not prolong the discussion are Refuge Cotton Oil Co. v. Twin City Fire Insurance Co., 152 Miss. 522, 120 So. 214; Miller v. Home Ins. Co., 71 N.J.L. 175, 58 A. 98; Mahoney v. Metropolitan Life Ins. Co., 80 N. J.L. 136, 76 A. 458, 459; Sullivan v. Metropolitan Life Ins. Co., 174 Mass. 467, 54 N.E. 879, 75 Am.St.Rep. 365; American National Ins. Co. v. Villegas, Tex.Civ.App., 32 S.W.2d 1109; Bituminous Casualty Exchange v. Ford Elkhorn Coal Co., 243 Ky. 456, 48 S.W.2d 1057; Parish v. Missouri Mutual Association, Mo.App., 8 S.W.2d 1018; Loew v. North British & Mercantile Ins. Co., Sup.App.T., 156 N.Y.S. 692; Colagiovanni v. Metropolitan Life Ins. Co., 57 R.I. 486, 190 A. 459, and Demarco v. Metropolitan Life Ins. Co., 253 App.Div. 563, 3 N.Y.S.2d 615.

The foregoing renders unnecessary consideration of the question as to whether the proper parties are before the court under the statute that obtains in this juris-

diction, Code 1940, T. 7, § 126, and the many authorities cited in brief of industrious counsel. Andalusia Motor Co. v. Mullins, 28 Ala.App. 201, 183 So. 456, certiorari denied 236 Ala. 474, 183 So. 460; Oden-Elliott Lmbr. Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3; Sherrill Oil Co. v. Taylor et al., 223 Ala. 457, 137 So. 295; Ivey Coal & Coke Co. v. Long, 139 Ala. 535, 36 So. 722; Broadwell v. Imms, 14 Ala.App. 437, 70 So. 294; Danforth & Armstrong v. Tennessee &' Coosa R. Co., 93 Ala. 614, 11 So. 60.

It results from the foregoing that the judgment of the circuit court is laid in error. The same is here reversed and one rendered upon the agreed statement of facts in favor of the Globe & Rutgers Fire Insurance Company, a corporation, appellant. The costs accruing in this court and in the court below are taxed against the appellee, Van Antwerp Realty Corporation, Inc., a corporation.

Reversed and rendered.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.