[Civ. No. 13276.   First Dist., Div. Two.   July 9, 1947.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Appellant, v. M. I. DIGGS et al., Respondents.

W. N. Mullen and Earl B. Myers for Appellant.

Fitzgerald, Abbott & Beardsley for Respondents.

NOURSE, P. J.—Plaintiff sued to recover premiums accruing on a policy of workmen's compensation insurance. The cause was tried to the court sitting without a jury and defendants had judgment on findings that the defendants were not responsible for any portion of the premiums. The appeal rests on these two grounds—that "the evidence is insufficient to support a judgment" and that "the findings of fact . . . do not support the conclusions of law."

The Golden Gate Turf Club executed a contract with Diggs, as supervising architect, and Casson, as supervisor of construction, for the construction of a race track on the club's property in Albany. The club procured from plaintiff a policy of insurance covering its employees and premiums were estimated on the payroll of the club. Sometime after the club became bankrupt the plaintiff asserted its claim against these defendants on the theory that they were jointly and severally liable for the payment of the premiums.

The trial court found that under a written contract Diggs was employed by the club as its architect and Casson was employed as supervisor of construction and that they were not engaged in the construction of the race track in any other capacity; that the policy of insurance was issued at the request of the club insuring " 'Golden Gate Turf Club, a corporation & M. I. Diggs & J. A. Casson, jointly or severally' insuring Golden Gate Turf Club, the defendant, M. I. Diggs, and the defendant, J. A. Casson, against claims which might be made upon them by reason of industrial injuries sustained by their joint employees, if any, engaged in the construction operations in connection with Golden Gate Turf Club; said policy also insured Golden Gate Turf Club against claims which might be made against it by reason of industrial injuries sustained as aforesaid, to the several employees of Golden Gate Turf Club; said policy also insured the defendant, M. I. Diggs, against claims which might be made against him by reason of industrial injuries, sustained as aforesaid, to his several employees; said policy also insured the defendant, J. A. Casson, against claims which might be made

against him by reason of industrial injuries, sustained as aforesaid, to his several employees; . . . .

"It is not a fact nor was it a part of said policy that the defendants, or either of them, promised to be responsible for or to pay any premiums due under said policy for work done in connection with said Golden Gate Turf Club or race track, or otherwise.

"As provided by the terms of said policy of workmen's compensation insurance, plaintiff, on or about the first day of January, 1941, and at various times prior thereto, caused an audit to be made of the books and payroll of the Golden Gate Turf Club. It is not a fact that at that time, or at any other times, plaintiff has made, or caused to be made, any audit or audits of the payrolls or books of the defendants, or either of them, nor is it a fact that the defendants, or either of them, had any payroll or any employees of any kind, either joint, or several, or general or special, in connection with the work done in the construction of Golden Gate Turf Club and said race track. . . ."

It was also found that no account was stated between plaintiff and these defendants and that neither of them promised to pay any portion of the premiums.

■ It must be conceded that if the evidence supports these findings the judgment must be affirmed. The evidence is not in substantial conflict. The contract for the construction of the race track was executed by the corporation under which Casson was employed as general contractor on a cost plus 10 per cent basis. He hired the several employees, but the corporation reserved the right to discharge anyone found objectionable. The corporation agreed to furnish all funds for payrolls and materials, bills to be paid monthly on audit. Diggs had a similar contract under which he agreed to provide architectural supervision. Both of the defendants agreed to take their compensation in stock of the corporation. Neither was carried on the corporation payrolls. From the beginning of operations the plaintiff treated the corporation as the only party insured, based its premiums on audits of the payroll of the corporation alone, and sent no bill or demand for the premiums to the defendants until April, 1942, after the corporation had been ordered liquidated in bankruptcy. Though the policy covered the period until February 5, 1941, it was cancelled by the plaintiff and returned without knowledge of either defendant.

This evidence is sufficient to support the findings and further elaboration is unnecessary. Appellant attacks the credibility of one of respondents and relies upon evidence which is in some slight conflict with what we have stated.

Even if valid to the extent that respondents' individual employees were also covered (the undisputed evidence is that there were none) there is no evidence and no testimony which would have supported an inference that either respondent agreed to pay any portion of the premiums. The evidence that Casson requested a "rider" covering his own employees proves nothing more than that he sought individual coverage under the policy to be issued to the corporation. It does not imply that he thereby agreed to pay premiums covering the employees of the corporation. Directly in point are *Schmitt* v. *Gripton*, 77 Cal.App. 429 [247 P. 505]; *Reid* v. *State Bank*, 119 N.Y.S. 242.

Much of the argument of appellant is based upon a misconception of the terms of the policy. It alleged in its complaint and states repeatedly in the briefs that the policy covered the corporation and the respondents jointly and severally. The terms of the policy are clear, as found by the trial court, covering the corporation and the respondents jointly or severally. The use of the word "or" instead of "and" discloses an intention of the insurer to cover the respondents severally only so far as they had individual employees not on the payroll of the corporation. Hence, assuming that the additional coverage of employees of respondents outside the corporation payroll were valid there is no obligation on their part to pay the premiums for coverage based wholly on the corporation's payroll. *In re John B. Rose Co.*, 275 F. 409.

Since the evidence conclusively shows that the respondents did not obligate themselves to pay any part of the premiums sued for, the conclusion followed properly that they were not bound.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.