ALMON, Justice.
This is an appeal from a summary judgment entered in favor of the plaintiff/counterclaim-defendant, J. Thomas Williams, Jr., M.D., P.C., a professional corporation (“the P.C.”), and against the defendant/counterclaimant, Ernest R. Rodriguez-Ramos, M.D., in an action to determine the ownership of unearned medical malpractice insurance premiums.
Dr. Rodriguez joined the P.C. as a car-diothoracic surgeon in May 1987. The employment contract between the P.C. and Dr. Rodriguez provided that the P.C. would pay the premiums necessary to provide Dr. Rodriguez with medical malpractice insurance that would be “comparable to the coverage provided to the other physician-employee of the [P.C.].” The contract also stated that Dr. Rodriguez’s employment *1327 with the P.C. could be terminated upon the happening of any one of a number of events, including “the temporary ... suspension ... of [Dr. Rodriguez’s] ... privileges at any hospital.” Finally, the contract stated that it represented “the entire agreement of the parties relating to the employment of the Employee to the Employer and [could] not be changed except by a writing signed by the party against whom the enforcement of any ... change [was] sought.” There is no evidence that the contract was subsequently modified by a writing.
The P.C. obtained malpractice insurance for Dr. Rodriguez from Mutual Assurance Society of Alabama (“MASA”) and paid all of the necessary premiums. Although that policy provided “claims-made” coverage, not “occurrence” coverage, there is no evidence that it was different from or inferior to the insurance policy provided to the P.C.’s other physician-employee. On September 29, 1987, Dr. Rodriguez’s operating room privileges were partially suspended at one Birmingham hospital. As a result of that suspension, Dr. Rodriguez’s employment with the P.C. was terminated.
After he was notified of his termination, Dr. Rodriguez contacted MASA and directed it to cancel his malpractice insurance. The P.C. also contacted MASA and requested that any unearned premiums paid on the policy be refunded to it. MASA issued a check for $11,760.40, the amount of unearned premiums, made jointly payable to Dr. Rodriguez and the P.C. After he received the check, Dr. Rodriguez refused to turn it over to the P.C. The P.C. then filed a complaint against Dr. Rodriguez, alleging that the check and its proceeds were the property of the P.C. and that Dr. Rodriguez had converted the check to his own use.[1] Dr. Rodriguez counterclaimed, alleging that he was entitled to the funds pursuant to his employment contract with the P.C. He then deposited the check with the court, pursuant to Rule 22, Ala.R.Civ.P. The trial court granted the P.C.’s motion for summary judgment and ordered that the interpleaded funds be paid to it. Dr. Rodriguez appeals.
Dr. Rodriguez argues that there are genuine issues of fact regarding the P.C.’s entitlement to the unearned premiums and that the summary judgment was therefore improper. He contends that: (1) there is a presumption that unearned premiums belong to the insured, and that presumption was not rebutted; (2) his employment contract is ambiguous regarding who should receive any refund of unearned premiums; and (3) the P.C. breached the employment contract. Dr. Rodriguez also argues that if he is not entitled to all of the unearned premiums, then he is entitled to at least a pro rata portion of those premiums.
As to his first and second contentions, Dr. Rodriguez correctly points out the general rule that unearned premiums, if returnable, are due to the insured. Globe & Rutgers Fire Ins. Co. v. Van Antwerp Realty Corp., 243 Ala. 524, 10 So.2d 849 (1942); 6 Couch on Insurance § 34:88, at 941-42 (1985). However, that general rule does not apply in cases where a party other than the insured has procured the policy and paid the premiums, as did the P.C. in the instant case. In such eases, the refund is due to the party who procured the policy and paid the premiums. Kaufman v. McLaughlin Co., 357 F.2d 283, 286 (D.C.Cir.1966); First Nat’l Bank & Trust Co. v. CMI Credit Ins., Inc., 476 F.Supp. 49, 51 (M.D.Fla.1979); Globe & Rutgers, supra; 6 Couch on Insurance § 34:101, at 951 (1985); 43 Am.Jur.2d Insurance § 923, at 954-55 (1982).
The rule that controls the outcome of this case was ably expressed by the federal district court for the Middle District of Florida:
“Where the parties to an agreement stipulate that one of them will provide the insurance for the other, the latter is not entitled to the return of premiums unless *1328 such intention is manifested by the contract between them.”
First Nat’l Bank & Trust Co., supra, at 51 (emphasis added) (citing Kaufman, supra, and Globe & Rutgers, supra). It is undisputed that the P.C. both procured the policy and paid the necessary premiums. Therefore, absent an agreement to the contrary, it was entitled to the unearned premiums as a matter of law. Id. No evidence of such an agreement was presented, although Dr. Rodriguez argues that his employment contract was orally modified. There is no evidence in the record to support that argument. In addition, the silence of the employment contract on this point does not create an issue of fact. Every contract is made with reference to existing law and every law affecting the contract is read into and becomes a part of the contract when it is made. Barber Pure Milk Co. of Montgomery v. Alabama State Milk Control Bd., 275 Ala. 489, 156 So.2d 351 (1963).
Dr. Rodriguez also argues that there is a genuine issue of material fact regarding whether the P.C. substantially complied with the employment contract. However, this is not an action for breach of contract. Even if this Court were to assume that the P.C. failed to comply with the contract in some respect, Dr. Rodriguez has not shown how that hypothetical noncompliance would affect the P.C.’s entitlement to the unearned premiums.
Finally, Dr. Rodriguez argues that if he is not entitled to all of the unearned premiums, then he is entitled to a pro rata portion of them. Without addressing the possible merits of that argument, we note that it appears that this argument has been raised for the first time on appeal. This Court cannot put a trial court in error for failing to consider a matter which, according to the record, was not presented to, nor decided by it. Defore v. Bourjois, Inc., 268 Ala. 228, 230, 105 So.2d 846, 847 (1958).
For the reasons stated above, we agree with the trial court’s determination that there was no genuine issue of material fact and that the P.C. was entitled to a judgment as a matter of law. Rule 56, Ala.R. Civ.P. Therefore, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. The P.C.’s complaint also contained a claim alleging that the conversion was "gross, malicious, and willful” and requested punitive damages. By awarding the P.C. only the amount of the unearned premiums, the trial court implicitly denied the P.C.’s claim for punitive damages. The P.C. has not filed a cross-appeal.